Adolph B. BONDY, Appellant,

v.

Constantino PAPPAS, Appellee.

No. 2362.

Municipal Court of Appeals for the District of Columbia.

Argued April 6, 1959.

Decided July 7, 1959.

Carl Phillip Fogel, Washington, D. C., with whom Samuel H. Suls, Washington, D. C., was on the brief, for appellant.

Francis J. Robinson, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant Bondy, appellee Constantino Pappas and the latter's brother Louis formed a corporation to operate a restaurant under the name of "Tony's." Both Bondy and Pappas advanced money to the corporation but more money was needed and Bondy sent Pappas to his (Bondy's) bank to negotiate a loan. The bank refused to make a loan to the corporation but stated it would make a loan of $1,500 if Pappas and Bondy would co-sign the note. Pappas signed the note and Bondy endorsed it.[1] The corporation, though not a party to the note, received the proceeds of the loan. The restaurant was not a success and the corporation ceased doing business.

The $1,500 note was payable in monthly installments of $100. The corporation, before ceasing business, made two payments on the note, and Pappas made other payments and Bondy made some payments.

While a balance (the exact amount is not shown by the record) still remained due on the note, Bondy brought this action against Pappas. The nature of his claim is not clear, but apparently it was brought on the theory that he was an accommodation endorser for Pappas and should be ex-

1. Apparently Bondy also signed as a maker, but his signature on the face of the note was scratched out. No explanation appears in the record as to when or why this was done.

onerated from liability on the note. The complaint sought judgment for "$1500.00 less credits that may accrue." The trial court found that Bondy was a co-maker with Pappas and denied him relief.

Three errors are assigned. First it is claimed there was error in permitting Pappas to testify that when the loan was made it was intended that the corporation would pay it and that it was not his intention to obligate himself alone to pay the note. The argument is made that this parol testimony was allowed to vary the effect of the note. The answer is that this action was not one on the note but on a business transaction between the two parties, and this testimony no more varied the effect of the note than did Bondy's own testimony that when he signed the note he "understood" that the corporation or Pappas would pay it.

The second claim of error is that the trial court "failed to give full faith and credence to the note." Again the answer is that this action was not one on the note. No one questioned the validity of the note. The question related to the liability of Bondy and Pappas as between themselves and not their liability to the bank.

The last assignment charges error in that the court failed to find that the transaction between Pappas and Bondy was not a joint venture. This assignment merely attempts to reargue the other assignments. We find no error.

Affirmed.